No. 814

### STERN et v. COLUMBUS NAT. BANK

(Two Cases)

Ohio Appeals, 2nd Dist., Franklin Co.
Nos. 1524 and 1536. Decided Feb. 23, 1927.

**First Publication of this Opinion.**

313. CORPORATIONS—147. Bills, Notes and Checks—Where notes or other securities, given by promoters of corporation, are allowed to pass into hands of company and are listed by public examiner as assets, promoters cannot, afterwards, as against purchaser or receiver representing creditors, assert defense of want of consideration.

Heard on appeal and error.

Common Pleas affirmed.

Robert J. Beatty, Peter Albietz and William J. Meyers, Columbus, for Stern, et.

S. W. Waltermire and F. W. Sinks, Columbus, for Columbus Nat. Bank.

ALLREAD, J.

These cases originated in a suit upon a promissory note and for the foreclosure of a mortgage securing the same. The note was signed by Jacob and Lillian S. Stern, was endorsed without recourse by M. Stevens and also the Ohio Industrial Endowment Fund Company, by L. W. Josephson, vice president. The mortgage securing said note was set up in the second cause of action. The prayer in the petition was for a judgment upon the installments due on the promissory note and for the foreclosure of the mortgage. Defendants, Jacob and Lillian Stern, in their answer, admit the execution of the note and mortgage, state the same was made payable to M. Stevens, for and on behalf of the Ohio Industrial Endowment Fund Co. in consideration for the issue, to the defendant, Jacob N. Stern, of 150 shares of the capital stock of said company. The defendants further set up an agreement whereby the Company would constitute Stern President of the Company, with a monthly salary of $400, and permit the payment of said note at the rate of $150 per month out of said salary. Stern says stock was never actually issued and that it was afterwards agreed that, in consideration of the relinquishment of Stern's claim to the stock, said note and mortgage would be cancelled, and the same was accordingly done.

By the way of second defense, the defendants state that said note and mortgage were given to the plaintiff by the Ohio Industrial Endowment Fund Co. as security for a pre-existing indebtedness, and that the plaintiff holds other and further security in an amount sufficient to satisfy such pre-existing indebtedness.

The reply was in the nature of a general denial. The case was submitted to a jury and there was a verdict and judgment in favor of plaintiff in the sum of $1847.50.

It appears that the Industrial Endowment Fund Co. has passed into the hands of receivers, who are winding up the affairs of the company. In the first place, it appears from the answer of Jacob and Lillian S. Stern, in the original case, as well as in the case under consideration, and from the evidence, that

Jacob Stern subscribed for about $17,000 of capital stock of the Industrial Endowment Fund Co., and that the note sued on and the mortgage securing the same were given by Jacob and Lillian Stern to secure this note. It also appears that the note passed into the hands of the Industrial Fund Co. as an asset of that company and was examined and listed by the State Examiner as part of the assets of the company. The authorities, we think, are clear that where notes or other securities are given by the promoters of a corporation and allowed to pass into the hands of that company and are listed by a public examiner as assets, they cannot, afterwards, as against a party who purchases the note or securities, or as against the receiver of the company, representing creditors, assert a defense growing out of the want of consideration of the note. This would apply both to the Columbus National Bank and to the receiver of the Industrial Endowment Fund Co.

We are of the opinion that the plaintiffs failed to make out a case for the granting of a new trial or the modification of the judgment originally rendered upon the $15,000 note and mortgage.